IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS


| | |
|---|---|
| TIMOTHY WALKER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-108-JPG |
| | ) |
| WILLIAM E. NIEPERT, et al., | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at Pinckneyville CorrectionalCenter, brings this action for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).

Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

### THE COMPLAINT

On September 4, 2008, Plaintiff was written a disciplinary report by Defendant Niepert for "threats/intimidation."  The alleged act of "threats/intimidation" was a letter that Plaintiff wrote to his wife "detailing his problems with . . . Niepert."  According to Exhibits attached with the complaint, the letter stated that "I will kill one of these people that put their hands on me. Don't tell them this."  Plaintiff was found guilty of the violation and received the following sanction: two months "C grade" and two months segregation.  Plaintiff appealed the disciplinary action.  On November 14, 2008, the Administrative Review Board recommended that the disciplinary report and action be expunged.

Plaintiff alleges that his First Amendment right to free speech and his right to due process of law were violated by these alleged actions.

**DISCUSSION**

Plaintiff has a protected First Amendment interest in sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401, 406-07 (1989); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). But, restrictions on outgoing mail are valid so long as they are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank,* 377 F.3d 655, 657 (7th Cir. 2004). It is axiomatic that threatening to kill someone - be it a guard or other inmate - represents a threat to the safety and security of a corrections facility. Prison officials are well within their rights to act on such threats. Therefore, Plaintiff's claim that his First Amendment rights were violated should be dismissed pursuant to 28 U.S.C. § 1915A.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary

3

segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff's sanctions consisted of two months segregation and 2 months "C grade."  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.[1] Therefore, Plaintiff's complaint fails to state a due process claim.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: September 23, 2009.**

               s/ J. Phil Gilbert
               **U. S. District Judge**

---

[1] Indeed, it's not even clear that Plaintiff was actually placed on administrative segregation or "C grade" because the disciplinary report was ordered expunged.  As such, Plaintiff received all of the process he was due.  But, even if the expungement came after Plaintiff had served his sanctions, those sanctions did not implicate any protected liberty interest.